IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRED ARBONAISE,

    Plaintiff,

v.                                               Civil Action No. 5:06CV68
                                                             (STAMP)

MICHAEL J. ASTRUE,[1]
Commissioner of
Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The plaintiff, Fred Arbonaise, filed applications for supplemental security income benefits ("SSI") on May 23, 2001 and on August 16, 2002. Both applications were denied by the West Virginia Disability Determination Service at the initial and reconsideration levels. The plaintiff requested and received administrative hearings. Following hearings on each of the applications, Administrative Law Judge ("ALJ") Jay Levine issued separate written decisions finding that the plaintiff remained capable of performing a range of unskilled sedentary work and denying the applications for SSI. At the plaintiff's request, the two applications were consolidated for appeal. The Appeals Council

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is automatically substituted as the defendant in this action.

denied the plaintiff's request for review of the consolidated decisions. On August 4, 2003, the plaintiff filed a complaint in this Court seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, United States Magistrate Judge John S. Kaull issued a report and recommendation finding that the ALJ's decision was not supported by substantial evidence. No objections were filed to the report and recommendation. On January 25, 2005, United States District Judge W. Craig Broadwater adopted the report and recommendation, denied the Commissioner's motion for summary judgment, granted in part the plaintiff's motion for summary judgment, and remanded the case to the Commissioner for further proceedings.

Another hearing was held on November 10, 2005, before ALJ Karl Alexander at which additional evidence was heard. On April 3, 2006, ALJ Alexander issued a decision finding that the plaintiff was not disabled. The Appeals Council denied the plaintiff's request for review of ALJ Alexander's decision.

On June 6, 2006, the plaintiff filed an action in this Court pursuant to 42 U.S.C. § 405(g) seeking judicial review of the adverse decision. The case was again referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On August 2, 2007, Magistrate Judge Kaull issued a report and recommendation again finding that the ALJ's decision

2

was not supported by substantial evidence and recommending that the defendant's motion for summary judgement be denied and the plaintiff's motion for summary judgment be granted. Additionally, the magistrate judge found that a remand for further evidence or hearing would serve no useful purpose because the plaintiff's case has been heard and decided twice. Thus, the magistrate judge recommended that the case be remanded to the Commissioner solely for a computation and award of benefits.

Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp.

825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

The plaintiff contends that ALJ Alexander's finding that the plaintiff is not disabled is not supported by substantial evidence. Specifically, the plaintiff argues that the ALJ erred by failing to properly consider all of his mental impairments. Magistrate Judge Kaull agreed and found that ALJ Alexander's residual functional capacity ("RFC") analysis and his hypothetical to the vocational expert ("VE") at the hearing are not supported by substantial evidence.

Magistrate Judge Kaull's finding is not clearly erroneous. Samuel Goots, Ph.D. previously examined the plaintiff and prepared a report identifying multiple moderate mental limitations in several work-related categories. When asked a hypothetical including all of the mental limitations identified by Dr. Goots in his summary conclusions, the VE at the plaintiff's second hearing before ALJ Levine testified that no jobs would exist for a

hypothetical individual who has the same limitations that Dr. Goots observed in the plaintiff.  Similarly, the VE at the hearing before ALJ Alexander testified that all of the mental limitations in Dr. Goots's report would affect the plaintiff's ability to sustain and satisfactorily perform any job in a competitive labor force.

Although Dr. Goots referred to the limitations identified in the summary conclusions section of his report as "functional limitations," ALJ Alexander concluded that those limitations should not be included in the RFC analysis.  Additionally, ALJ Alexander disregarded the testimony of the VE that a person with all of the mental limitations identified by Dr. Goots would have difficulty sustaining a job because ALJ Alexander found that the testimony was made in response to a hypothetical question that "did not express the claimant's non-exertional, mental capacity in terms of work-related functions."  Magistrate Judge Kaull found, on the other hand, that the mental limitations identified by Dr. Goots in his summary conclusions were functional limitations which should have been included in the RFC analysis.  Additionally, Magistrate Judge Kaull found that when all of the plaintiff's functional limitations were included, the vocational experts testified that a person with those limitations would either find it difficult to sustain a job or not be able to perform a job at all.  The Commissioner has not filed objections to this finding.  Following review of the record,

this Court finds no clear error in Magistrate Judge Kaull's report and recommendation.

## IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be DENIED and that the plaintiff's motion for summary judgment be GRANTED by reversing the Commissioner's decision pursuant to 42 U.S.C. § 1383(c)(3) and sentence four of 42 U.S.C. §§ 405(g), with a remand of the cause of action to the Commissioner for computation and award of benefits.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 5, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE